**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Sarah E. and Michael B., Defendants,

Of whom Michael B. is the Appellant.

In the interest of a minor child under the age of eighteen.

Appellate Case No. 2013-001469

Appeal From Greenville County
Alex Kinlaw, Jr., Family Court Judge

Unpublished Opinion No. 2014-UP-150
Submitted March 18, 2014 – Filed March 27, 2014

**AFFIRMED**

Thomas J. Quinn, of Quinn Law Office, of Greenville,
for Appellant.

Jonathan Ashley Neal, of the South Carolina Department
of Social Services, of Greenville, for Respondent.

Robert A. Clark, of Greenville, for the Guardian ad Litem.

---

**PER CURIAM:** Michael B. (Father) appeals the family court's termination of his parental rights to his minor child (Child), arguing clear and convincing evidence does not support terminating parental rights (TPR) based on (1) wilful failure to visit; (2) wilful failure to support; (3) foster care for fifteen of the last twenty-two months; and (4) abandonment. Father also argues TPR was not in Child's best interest. We affirm.

The family court may order TPR upon finding one or more of eleven statutory grounds is satisfied and TPR is in the best interest of the child. S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2013). The grounds for TPR must be proven by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999). "In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011).

## I. Wilful Failure to Visit

We find clear and convincing evidence shows Father wilfully failed to visit Child. *See* S.C. Code Ann. § 63-7-2570(3) (2010) (stating a statutory ground for TPR is met if the child has been out of the home for a period of six months and the parent has wilfully failed to visit the child). Father acknowledges Child lived outside of his home for over six months and he did not visit Child, but he argues his failure to visit was not wilful due to his medical conditions, lack of money, and the distance between Oklahoma and South Carolina. However, Father chose to move to Oklahoma, and he was employed and healthy during his first few months there. Furthermore, Father did not make an effort to keep in touch with Child through phone calls or letters, despite encouragement from DSS caseworkers. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 611, 582 S.E.2d 419, 424 (2003) (holding a mother's failure to visit was wilful because she chose to move to another state for a job after her child's removal and "made little effort to no effort to maintain a relationship with the [c]hild with letters or phone calls when physical

visits were not possible").  Accordingly, we find Father wilfully failed to visit Child.

## II. Wilful Failure to Support

We also find clear and convincing evidence shows Father wilfully failed to support Child.  *See* S.C. Code Ann. § 63-7-2570(4) (2010) (stating a statutory ground for TPR is met if "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child").  Father was ordered to pay $284 each month in child support.  Father admits he never made any monetary contributions but states he sent Child two or three gifts.  We find these intermittent gifts do not constitute a material contribution.  *See id.* ("Failure to support means that the parent has failed to make a material contribution to the child's care."); *S.C. Dep't of Soc. Servs. v. M.R.C.L.*, 393 S.C. 387, 394, 712 S.E.2d 452, 456 (2011) (finding a mother's occasional contribution of toys and other items was not a material contribution).  Although Father asserts his failure to support was not wilful due to his medical conditions and lack of income, Father failed to pay any support when he was employed and healthy for the first few months after Child's removal.  Further, Father never requested a reduction in his child support obligation due to his disability and never sought to receive Social Security benefits on behalf of Child.  *See S.C. Dep't of Soc. Servs. v. Seegars*, 367 S.C. 623, 630-31, 627 S.E.2d 718, 722 (2006) (holding a mother's "failure to pay court-ordered child support or give a reasonable excuse for her failure to pay manifest[ed] a conscious indifference to the rights of [her c]hildren to receive support" and constituted a wilful failure to support).  Accordingly, we find Father wilfully failed to support Child.

## III. Foster Care for Fifteen of the Last Twenty-Two Months

We also find clear and convincing evidence shows Child was in foster care for fifteen of the last twenty-two months.  *See* S.C. Code Ann. § 63-7-2570(8) (2010) (stating a statutory ground is met if "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months").  Although it is undisputed Child lived in foster care for more than fifteen months, Father argues the family court erred in recognizing this statutory ground because the delay was not attributable to him.  *See Charleston Cnty. Dep't of Soc. Servs. v. Marccuci*, 396 S.C. 218, 227, 721 S.E.2d 768, 773 (2011) ("Where there is substantial evidence that much of the delay . . . is attributable to the acts of others, a parent's rights should not be terminated based solely on the fact that the child has

spent greater than fifteen months in foster care." (alteration in original) (citations and internal quotation marks omitted)).  However, Father failed to take the necessary steps to gain custody, and DSS found his home was not suitable after conducting a home study.  Therefore, we find the delay in reunification was not attributable to DSS.  *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 342-43, 741 S.E.2d 739, 749 (2013) (holding clear and convincing evidence supported TPR on the ground that the child had been in foster care for fifteen of the most recent twenty-two months because the mother was primarily responsible for the delays in the case by failing to remedy the conditions that caused removal).  Accordingly, we find clear and convincing evidence supports TPR on this ground.[1]

## IV.  Best Interest

We find clear and convincing evidence supports the family court's finding that TPR is in Child's best interest.  *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (stating the best interest of the child is "the paramount consideration").  Although Father states he has a stable home and is ready to care for Child, Father failed a home study.  Additionally, Father has not maintained a relationship with Child, and he has failed to visit or support her since her removal.

Child's developmental needs are also a significant factor.  Child is diagnosed on the autism spectrum and will need a stable home and services such as speech therapy on a regular basis.  Although Father acknowledged Child's diagnosis, he stated he did not agree with it and thought Child might have attention deficit hyperactivity disorder.  The DSS caseworker and the GAL expressed concern about Father's lack of understanding of the diagnosis and his ability to meet Child's developmental needs.  Moreover, Child is in a stable pre-adoptive home, where the

---

[1] Because three statutory grounds were proven, we need not address the remaining ground of abandonment and will move forward with an analysis of Child's best interest.  *See* S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2013) ("The family court may order [TPR] upon a finding of one or more of the [statutory] grounds and a finding that [TPR] is in the best interest of the child . . . ."); *Stinecipher v. Ballington*, 366 S.C. 92, 100 & n.6, 620 S.E.2d 93, 98 & n.6 (Ct. App. 2005) (declining to rule on an additional statutory ground after its dispositive ruling on the ground of wilful failure to support).

GAL observed Child make significant progress and blossom under the care of her foster parents. Accordingly, we find clear and convincing evidence shows TPR is in Child's best interest.

Based on the foregoing, we affirm the family court's order terminating Father's parental rights.

**AFFIRMED.**[2]

**HUFF and THOMAS, JJ., and CURETON, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.